J-S08028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER S. CHRUBY | : | |
| | : | |
| Appellant | : | No. 1111 MDA 2020 |

Appeal from the PCRA Order Entered August 10, 2020,
in the Court of Common Pleas of Centre County,
Criminal Division at No(s): CP-14-CR-0001267-1995.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: JUNE 21, 2021**

Walter S. Chruby appeals from the order denying, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1995, a jury convicted Chruby of first-degree murder and related charges after the victim, who suffered multiple stab wounds, was found dead in her home.  The trial court sentenced Chruby to an aggregate term of life in prison.  The PCRA court summarized the trial testimony as follows:

> The trial evidence in the case at bar unfolded over the course of seven days; fifty-four witnesses were called by the Commonwealth and fourteen by [Chruby].  More than two hundred exhibits were admitted into evidence.  The extensive trial evidence included:  testimony regarding [Chruby's] increasingly desperate financial circumstances

_____

[*] Former Justice specially assigned to the Superior Court.

and housing instability in the days before the murder; testimony regarding [Chruby's] actions in the days leading up to the murder, his previous acquaintance with the victim, and his telephone call to her home two days before the murder; testimony regarding [Chruby's] cash purchase of items of clothing and sneakers at the Nittany Mall in the days leading up to the murder, included a very unique t-shirt with a Susquehanna Blues logo on the front; testimony from individuals who saw [Chruby] wearing the Susquehanna Blues t-shirt at his hotel in the several days leading up to the murder; testimony regarding a credit card missing from the victim's possession, and that that same credit card was used in the late afternoon/early evening on the day of her death, by someone other than the victim, to purchase clothes and shoes of the same type [Chruby] was wearing when apprehended by the police; testimony regarding [Chruby's] actions after the murder, including his change of clothing at Catherman's Exxon that same day, and his discarding of a bag in the dumpster at Catherman's; testimony from a sanitation worker that he found what appeared to be bloodied items of clothing - - including a Susquehanna Blues t-shirt, jeans with a unique belt connected to [Chruby] by other witnesses, and shoes - - in a bag in the Catherman's dumpster the day after the murder; testimony that bloody shoeprints from the murder scene matched the print from a shoe found in the Catherman's dumpster; and testimony that [Chruby] was in possession of the victim's car the day after her murder, that blood consistent with the victim's blood type was found in the car and on a sock worn by [Chruby] when he was apprehended, and that the victim's credit card that had been used at the Nittany [M]all the day of her murder was found hidden on the wheel-well of the car wrapped in bloodied gloves.

Rule 907 Notice, 7/8/20, at 4-5.

Relevant to the present appeal, Robert Fram, an FBI special agent, who the trial court accepted as an expert in hair and fiber analysis, testified on behalf of the Commonwealth at Chruby's trial. In his testimony, Special Agent

Fram drew scientific conclusions from his microscopic hair and fiber analysis on items which implicated Chruby in the victim's murder.

Following the denial of post-trial motions, Chruby filed a timely appeal to this Court. In an unpublished memorandum filed on March 9, 1999, we found no merit to the five claims Chruby raised on appeal and affirmed his judgment of sentence. *Commonwealth v. Chruby*, 737 A.2d 1270 (Pa. Super. 1999). On July 15, 1999, our Supreme Court denied Chruby's petition for allowance of appeal. Chruby did not seek further review.

Chruby filed a *pro se* PCRA petition on June 25, 2003. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on January 2, 2004. In this petition, Chruby raised issues about trial counsel's alleged cocaine use during trial. Thereafter, the Commonwealth filed a motion to dismiss. The PCRA court denied relief by order entered May 6, 2004. Chruby filed a timely appeal to this Court. In an unpublished memorandum filed on July 19, 2005, we affirmed the order denying post-conviction relief, and on December 1, 2005, our Supreme Court denied Chruby's petition for allowance of appeal. *Commonwealth v. Chruby*, 883 A.2d 685 (Pa. Super. 2005), *appeal denied*, 889 A.2d 1213 (Pa. 2005).

Chruby filed a second PCRA petition on February 12, 2015, and the PCRA court again appointed counsel. In this petition Chruby alleged that he received a December 19, 2014 letter from the district attorney's office, which informed him of the FBI's findings that Special Agent Fram's trial testimony exceeded the limits of science. Chruby's petition asserted that the FBI's findings

constituted a newly-discovered fact, which met one of the PCRA's time-bar exceptions. *See* 42 Pa.C.S.A. § 6545(b)(1)(ii).

On July 10, 2015, the Commonwealth filed a motion to dismiss Chruby's second PCRA petition as untimely filed. On January 13, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Chruby filed a response. By order entered January 27, 2016, the PCRA court dismissed Chruby's petition as untimely filed.

Chruby filed a timely appeal to this Court. In an unpublished memorandum filed on December 9, 2016, we vacated the order denying post-conviction relief. *Commonwealth v. Chruby*, 159 A.3d 998 (Pa. Super. 2016). In doing so, we noted that the record was "not sufficiently developed to review whether [Chruby met] the requirements" of the newly-discovered fact exception. *Id.*, unpublished memorandum at 8. We therefore remanded for further proceedings.

Following remand, the PCRA court entered an order stating that, given our Supreme Court's decision in *Commonwealth v. Chmiel*, 173 617 (Pa. 2017), the 2014 FBI report qualified as a newly-discovered fact such that the court could consider the merits of Chruby's after-discovered evidence claim.

On July 8, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Chruby did not file a timely response. On August 7, 2020, the PCRA court dismissed Chruby's second PCRA petition. After discovering that counsel did not receive the Rule 907 notice in a timely manner, and after receiving Chruby's response, the PCRA

court entered an order stating that there was no basis for reconsideration of its previous order denying post-conviction relief. This timely appeal followed. Both Chruby and the PCRA court have complied with Pa.R.A.P. 1925.

Chruby raises the following issues on appeal:

I.    Did the [PCRA] court commit an abuse of discretion and/or error of law in dismissing [Chruby's] petition without a hearing?

II.    Did the presentation of false/misleading testimony of FBI Agent Fram constitute harmless error?

Chruby's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We will address Chruby's claims together. Chruby contends:

> The introduction of false and misleading testimony, through Agent Fram of the FBI hair and fiber laboratory, was not harmless error. As such, [Chruby's] PCRA Petition should not have been dismissed without the benefit of a hearing. This evidence was not so insignificant that it did not contribute to the verdict, and [Chruby] should be entitled to a full hearing on the PCRA petition.

Chruby's Brief at 14.

Initially, we note that Chruby's reliance upon the "harmless error doctrine" is misplaced. As our Supreme Court has summarized:

> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the error was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted **and uncontradicted** evidence of guilty was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Fulton***, 179 A.3d 475, 493 (Pa. 2018). Generally, "[t]The Commonwealth bears the burden of proving that the error was harmless beyond a reasonable doubt." ***Id. But see Commonwealth v. Hamlett***, 240 A.3d 486, 492 (Pa. 2020) (reasoning that "the availability of discretionary *sua sponte* review in appropriate cases serves as an exception to the ordinary rule that the government bears the burden of persuasion relative to harmless error").

Here, by contrast, Chruby contends that the PCRA court erred in finding no merit to his claim that he was eligible for relief, in the form of a new trial,

based upon "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  42 Pa.C.S.A. § 9543(a)(2)(vi).

To address this claim, we first note the test applied to after-discovered evidence under the PCRA.  When discussing the test in the context of a PCRA appeal, our Supreme Court summarized:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial.  As stated, the four-part test requires the petitioner to demonstrate the new evidence:  (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.  The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA.  In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

As noted in *Small*, Chruby had the burden of proving that a different verdict would have resulted had Special Agent Fram's conclusions regarding a microscopic hair analysis not been presented.  In its Rule 907 notice, the PCRA explained why Chruby did not sustain his burden of proof:

> [C]onsidering the nature of the offending testimony, the [PCRA court] concludes that, in comparison to the other evidence establishing guilt, the tainted evidence was so insignificant that it could not have contributed to the verdict. Special Agent Fram's testimony concerning the hair sample, was that, in his opinion, a hair sample obtained from [Chruby] had the same characteristics as hair found on the

Susquehanna Blues t-shirt stained with the victim's blood and with a hair found in the victim's car after her death, and that as a result, he could conclude the hair samples were consistent with having come from the same individual. As highlighted above, even without the offending testimony, there was ample evidence and testimony from numerous other witnesses connecting [Chruby] to both the car and the bloody t-shirt. Furthermore, as the Commonwealth points out, even without the objectionable testimony from Special Agent Fram, the jury could properly have inferred that the light brown hair from a Caucasian individual found in the car and on the t-shirt had come from [Chruby], a Caucasian individual with light brown hair who was connected to the t-shirt and the victim's car by the testimony of numerous witnesses. Thus, the jury could have considered the presence of the hair as circumstantial evidence further linking [Chruby] to the bloodied shirt and car even without testimony from Special Agent Fram. Although the [PCRA court] is mindful that testimony from an expert can take on special significance in the eyes of a jury, particularly on scientific principles, the [PCRA court] is persuaded that Agent Fram's microscopic hair comparison testimony did not play a role in the verdict, and that the same verdict would have been reached in the absence of the testimony.

Rule 907 Notice, 8/7/20, at 5.

Our review of the record supports the PCRA court's conclusion that Chruby failed to meet his burden of proving that a new trial without Special Agent Fram's testimony would result in a different verdict.[1] We note that, although Special Agent Fram's conclusions regarding his microscopic hair analysis "exceeded science," his expert testimony regarding a fiber analysis did not. Additionally, Special Agent Fram was not the only expert witness

_____

[1] Although the PCRA court also concluded that the Commonwealth met its burden of proving "harmless error," this determination was not necessary. *See supra*.

called by the Commonwealth; expert testimony regarding DNA and blood analysis also linked Chruby to the crime. As the PCRA court summarized above, other evidence including the bloody t-shirt, shoe prints, and credit card use linked Chruby to this crime.

Given our review of the record, we cannot agree with Chruby's characterization of Agent Fram's microscopic hair testimony as a "critical piece of evidence," such that a different verdict would result without it. Chruby's Brief at 23. *See Commonwealth v. Chmiel*, 240 A.3d 564, 575 (Pa. 2020) (agreeing with the PCRA court that Chmiel had "failed to demonstrate the verdict against him would be different in a trial in which [the expert's unreliable microscopic hair analysis] would be excluded").

In sum, because Chruby did not meet his burden regarding after-discovered evidence, the trial court properly denied him post-conviction relief in the form of a new trial. Additionally, given the overwhelming evidence of guilt, we conclude an evidentiary hearing on his PCRA petition was not warranted.[2]

Order affirmed.

---

[2] Chruby contends that he "should have been presented with the opportunity to show that there was a pattern on behalf of the FBI as it relates to tainted evidence they were presenting and their knowledge of same[.]" Chruby's Brief at 27. Chruby does not establish how testimony regarding this fact would aid him in proving that the absence of Agent Fram's testimony at a new trial would result in a different verdict.

J-S08028-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/21/2021</u>